Wendy Benner–Leon, Esquire, Oil, Shahrzad Baghai, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Mulyadi Chandra, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying his motion to reopen removal proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and de novo questions of law, including claims of ineffective assistance of counsel. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

The IJ did not abuse his discretion in denying Chandra's motion to reopen because the evidence was insufficient to establish "exceptional circumstances" under 8 U.S.C. § 1229a(e)(1), *Celis–Castellano v. Ashcroft,* 298 F.3d 888, 892 (9th Cir.2002) (agency properly denied motion to reopen supported only by alien's declaration that he suffered an asthma attack and hospital form did not indicate severity of illness), and because Chandra was not represented by counsel at the time that his hearing notices were issued.

We lack jurisdiction to address Chandra's contention that his proceedings warrant reopening based on a meritorious asylum claim because he failed to raise it before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**Sergiy KARLOVICH, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–72265.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted May 25, 2010.*

Filed June 8, 2010.

Sergiy Karlovich, Sacramento, CA, pro se.

John W. Blakeley, Esquire, Daniel Eric Goldman, Esquire, Senior Litigation Counsel, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Aviva L. Poezter, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Sergiy Karlovich, a native and citizen of Ukraine, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we deny in part and dismiss in part the petition for review.

Karlovich claims that the Ukrainian authorities are still interested in him based on his refusal to serve in the then Soviet-controlled military over 20 years ago. Substantial evidence supports the IJ's finding that this claim lacked inherent plausibility. *See Jibril v. Gonzales,* 423 F.3d 1129, 1135 (9th Cir.2005) (noting that testimony that is implausible in light of objective evidence can support an adverse credibility finding). Substantial evidence further supports the IJ's adverse credibility determination because Karlovich's asylum application omitted the fact that the police were constantly looking for him at his home and work for over 20 years, and this omission goes to the heart of his claim. *See Li v. Ashcroft,* 378 F.3d 959, 962–64 (9th Cir.2004). In the absence of credible testimony, Karlovich's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Karlovich's CAT claim is based on the same statements found to be not credible, and he does not point to any other evidence in the record that compels the conclusion it is more likely than not he would be tortured if returned to Ukraine, substantial evidence supports the IJ's denial of CAT relief. *See id.* at 1156–57.

To the extent Karlovich contends the IJ demonstrated bias, we lack jurisdiction to review this claim because it was not exhausted before the BIA. *See Barron v.*

* The panel unanimously concludes this case is suitable for decision without oral argument.

*Ashcroft,* 358 F.3d 674, 677–78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**